QUACKENBUSH & SONS, APPELLANTS, v. EDWARD R. ARLINGTON, RESPONDENT.

Submitted July 15, 1917—Decided November 19, 1917.

The jury having, in response to special questions, found in favor of the plaintiff upon every issue submitted to them, it was error to give judgment for the defendant upon a mixed question of law and fact unsupported by the findings of the jury and raised for the first time by a motion made after verdict.

On appeal from the Circuit Court.

This action was commenced in the Circuit Court by the issuance of a writ of attachment against Edward R. Arlington as a non-resident debtor. Arlington entered an appearance to the action and accepted a copy of the complaint which set forth an indebtedness on a book account for goods sold and delivered. Arlington in his answer set up several defences, one of which was that the account sued upon was charged on the books of the plaintiff to the firm of Arlington & Beckman. At the trial the books of the plaintiff were produced and showed that the account was charged against Arlington & Beckman. Plaintiff was thereupon given permission to amend his complaint to show a sale to Arlington and Beckman.

At the close of the plaintiff's case the defendant's motion for a nonsuit on the grounds of the variance between the original complaint and the plaintiff's proofs was denied because of the permission to amend the complaint.

The defendant then offered testimony upon the issues raised by his answer, viz., that he was not a member of the firm when the goods were bought and that plaintiff had accepted two notes of the defendant in satisfaction of any claim against him.

The answer was not amended and the question of Beckman's residence in New Jersey was not raised either by way

of defence or by any motion based upon the failure of the plaintiff to prove Beckman's non-residence.

At the conclusion of the testimony the court took the verdict of the jury in the form of answers to written questions that had been put to them, such answers being (1) that plaintiff did not accept the notes of Arlington in settlement of his claim against him; (2) that Beckman and Arlington were partners when the goods were ordered, and (3) that the sum of $825.20 was due on the account sued on. The record recited that after the rendition of this verdict the defendant requested the court to enter judgment in his favor, on the ground that, "It did not appear that the other defendant, Beckman, was not, at the time the attachment was issued, a non-resident of the State of New Jersey or an absconding debtor." Upon the ground thus stated judgment was entered in favor of the defendant, from which the plaintiff has appealed.

For the appellant, *Horton & Tilt* and *Jacob W. DeYoe.*

For the respondent, *Clifford L. Newman.*

The opinion of the court was delivered by

GARRISON, J. The defendant's motion for judgment ought not to have been granted. It raised for the first time, after verdict, a mixed question of law and fact, for which no foundation was laid by the verdict or by any motion made at the trial. The proposition of law upon which the motion rested was that the plaintiff could not have judgment against Arlington if Beckman was a resident of New Jersey, and the proposition of fact stated in the motion was that it did not appear that Beckman was a non-resident. There may be differences of opinion as to whether the fact of Beckman's residence in New Jersey was a matter of defence, or whether proof of his non-residence was part of the plaintiff's case, but there can be no difference of opinion that neither this proposition of law nor the question of fact on which it rests was stirred at the trial. True it is that each of the parties

gave, in another connection, testimony that was wholly consistent with Beckman's non-residence and that militated strongly, although not conclusively, against his having a residence in this state.

From this testimony it appeared that Beckman was a traveling showman with a sort of wild west show, which he was exhibiting in the far west or in the southern states, and that he had the sort of ambulatory residence incident to that line of business. That he had any other sort of residence in New Jersey was not suggested, but on the contrary, was to some extent negatived by the fact that he stored a trunk and locked chest with the plaintiff, a thing he would hardly have done if he had here a residence of his own. These and other facts that came out quite incidentally were, nevertheless, some evidence on the question of Beckman's non-residence in this state; the reason for the lack of explicitness evidently being that neither party regarded Beckman to be a resident of this state or regarded the fact of his non-residence as having any legal significance in the case. Such being the attitude of the parties at the trial and the state of the evidence, the injurious effect of withholding, until after the verdict, a motion based entirely upon the fact of Beckman's residence is at once apparent.

If such a motion had been made during the trial it might have resulted in the taking of further testimony or in the submission of the question of Beckman's residence to the jury upon such testimony as had found its way into the case, and thus either a foundation would have been laid for the legal proposition that is now relied upon, or its inapplicability have been made manifest. The course pursued by the defendant in making such motion for the first time after verdict, whether by design or by an afterthought, deprived the plaintiff not only of the opportunity to appeal to the discretion of the trial court as to further testimony, but also denied him his strict right to request that the question of fact as to Beckman's residence be submitted to the jury and to appeal from the decision of the trial court if his request was denied.

An irregular procedure that resulted in these substantial injuries to the plaintiff ought not, in the exercise of a sound judicial judgment, to have been sanctioned.

The defendant's motion for judgment should have been denied and judgment for the plaintiff entered upon the verdict of the jury; to which end the judgment for respondent is reversed and the record remitted to the Circuit Court.

Judgment final may be given for the appellant for $825.20, with interest and costs, which reversal also carries the costs of this appeal.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.